UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

XIANGMEI WEN,                                                                      Petitioner,

v.                                                                  Civil Action No. 4:26-cv-403-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,                                                        Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Xiangmei Wen, a noncitizen resident of Indiana currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending her voluntary departure from the United States. She alleges that her detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefing setting out their respective legal arguments (D.N. 7; D.N. 10). After careful consideration, the Court will deny Wen's petition for the reasons explained below.

## I.

Wen is a native and citizen of China. (D.N. 1, PageID.6 ¶ 18; *see* D.N. 7-1, PageID.32) She entered the United States without inspection around November 2022 and lived in Indiana before her recent detention. (D.N. 1, PageID.6 ¶¶ 19, 22) On March 18, 2026, Indiana law enforcement charged Wen with prostitution. (D.N. 7-2, PageID.36) She pleaded guilty to that charge on May 13, 2026, and was released based on "[j]ail [c]redit" for her sentence and 251 days suspended. (*Id.*, PageID.39; D.N. 7-1, PageID.33) U.S. Immigration and Customs Enforcement (ICE) officers arrested Wen immediately after her release pursuant to an immigration detainer.

1

(D.N. 7-1, PageID.33)  On the same day, Wen signed a "Voluntary Departure and Verification of Departure" that required her to leave the United States by August 14, 2026.  (D.N. 7-4, PageID.41)  The document states that Wen must leave "under safeguard[s]."  (*Id.*)  Wen also signed an addendum stating that she "waive[d] [her] opportunity to file any . . . applications for relief or protection from removal" and that she was to "remain detained."  (D.N. 7-5, PageID.42)  "ICE is in the process of acquiring travel documents" for Wen's departure.  (D.N. 7-6, PageID.45 ¶ 7)  She is detained at the Grayson County Detention Center in Leitchfield, Kentucky.  (D.N. 1, PageID.4 ¶ 7)

Wen seeks a writ of habeas corpus against Grayson County Jailer Jason Woosley, Acting U.S. Attorney General Todd Blanche, the Chicago ICE Field Office Director, the Acting Director of ICE, and Department of Homeland Security (DHS) Secretary Markwayne Mullin.  (*See id.*, PageID.5 ¶¶ 12–16)  Wen alleges that her detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; and due process under the Fifth Amendment.  (*See id.*, PageID.12–13 ¶¶ 42–46)  She seeks immediate release.  (*See id.*, PageID.13)  Respondents argue that (1) the Court lacks jurisdiction to consider Wen's claims and (2) Wen is properly detained under 8 U.S.C. § 1229c.[1]  (*See* D.N. 7, PageID.29–30)

## II.

### A.    Jurisdiction

Citing 8 U.S.C. §§ 1229c(f) and 1252(a)(2)(B), Respondents argue that the Court lacks jurisdiction to consider Wen's petition on the ground that it "constitutes a claim with respect to the terms and conditions of [her] voluntary departure."  (*Id.*, PageID.30)

Section 1229c(f) provides that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b), nor shall any court

---

[1] Respondents do not argue whether Wen must exhaust administrative remedies.  (*See generally* D.N. 7)  The Court therefore will not address that issue.

order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure." 8 U.S.C. § 1229c(f).  But no appeal of a denial of voluntary departure has occurred here.  (*See generally* D.N. 1; D.N. 7)  Nor does Wen ask the Court to stay her removal pending consideration of any claim relating to voluntary departure; rather, she challenges her detention without a bond hearing.  (*See* D.N. 1, PageID.12–14)  Therefore, § 1229c(f) does not bar review of Wen's petition.

Section 1252(a)(2)(B) states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229c."  8 U.S.C. § 1252(a)(2)(B)(i). As explained above, Wen challenges the lawfulness of her detention; she does not challenge a "judgment" as to her voluntary departure.  (*See* D.N. 1, PageID.12–14; *see also* D.N. 10, PageID.49 ("Ms. Wen does not ask this Court to disturb the grant of voluntary departure or to compel any exercise of discretion."))  Thus, § 1252(a)(2)(B) likewise does not bar jurisdiction here.  The Court may consider Wen's petition in any event because 28 U.S.C. § 2241 "confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." *Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004)).  The Court will therefore proceed to the merits of Wen's claims.

**B.    Immigration and Nationality Act**

Wen asserts that 8 U.S.C. § 1226(a) governs her detention and entitles her to a bond hearing.  (*See* D.N. 1, PageID.12 ¶ 43)  Respondents argue that Wen is detained under 8 U.S.C. § 1229c due to her pending voluntary departure and the requirement that she be detained "under safeguards."  (*See* D.N. 7, PageID.29–30)  In reply, Wen argues that § 1229c, accompanying regulations, and the addendum she signed do not authorize detention.  (*See* D.N. 10, PageID.51–54)

3

Pursuant to 8 U.S.C. § 1229c, "[t]he Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense . . . , in lieu of being subject to [standard removal] proceedings under [8 U.S.C. § 1229a] or prior to the completion of such proceedings." 8 U.S.C. § 1229c(a)(1). "Although an [immigration judge] may grant voluntary departure when an individual is in removal proceedings, *see, e.g.*, 8 U.S.C. § 1229c(b), only DHS may grant voluntary departure when the individual is not yet in (and is therefore outside) removal proceedings, *see* 8 C.F.R. § 240.25(a)." *Nakka v. USCIS*, 111 F.4th 995, 1008 (9th Cir. 2024) (emphasis omitted). And while § 1229c "does not mention the possibility of detention," it "does not expressly prohibit the use of detention" under certain terms. *El Badrawi v. United States*, 787 F. Supp. 2d 204, 230–31 (D. Conn. 2011); *see id.* at 231 (discussing *Dada v. Mukasey*, 554 U.S. 1 (2008), and observing that "[i]t would be going too far to say that [that case and § 1229c] expressly foreclose the possibility of a legitimate detention following a grant of voluntary departure"). "Pursuant to 8 C.F.R. § 240.25(b), the granting of voluntary departure may include the attachment of 'any conditions [deemed] necessary to ensure the alien's timely departure from the United States, including the posting of a bond, continued detention pending departure, and removal under safeguards.'" *Ndong v. Oddo*, No. 3:26-cv-901, 2026 WL 1660100, at *1 (W.D. Pa. June 9, 2026) (alteration in original) (quoting 8 C.F.R. § 240.25(b)). "'[V]oluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States." *Id.* (quoting *In re M-A-S-*, 24 I&N Dec. 762, 766 (B.I.A. 2009)); *see In re M-A-S-*, 24 I&N Dec. at 765–66 ("[W]e understand . . . the term 'under safeguards' solely to mean continued detention."); *see also El Badrawi*, 787 F. Supp. 2d at 231 (noting 8 C.F.R. § 240.25(b) as the only authority permitting detention following a grant of voluntary departure).

Here, Wen was not issued a Notice to Appear and thus was not placed in removal proceedings before being granted voluntary departure (*see generally* D.N. 1; D.N. 7). *See Thompson v. Lynch*, 788 F.3d 638, 642 (6th Cir. 2015) (explaining that a Notice to Appear commences removal proceedings). The "Voluntary Departure and Verification of Departure" Wen signed granted voluntary departure "by . . . DHS" and required her to leave the United States by August 14, 2026, "under safeguard[s]." (D.N. 7-4, PageID.41) Therefore, Wen must remain detained pursuant to 8 U.S.C. § 1229c and 8 C.F.R. § 240.25(b) until the required departure date.[2] *See Ndong*, 2026 WL 1660100, at *2; *Gutierrez Hidalgo v. Bullock*, No. 2:26-cv-02217-SHL-cgc, 2026 WL 1287136, at *1 (W.D. Tenn. May 11, 2026) (denying habeas petition because petitioner was detained under safeguards pursuant to 8 C.F.R. § 240.25(b)); *cf. Agyei v. Warden, Monroe Cnty. Jail*, No. 1:26-cv-636, 2026 WL 2052102, at *2 (S.D. Ohio July 16, 2026) ("A voluntary departure order under 8 U.S.C. § 1229c 'terminate[s] any removal proceedings such that [a petitioner] is no longer awaiting a decision on removal and [her] challenge to detention under § 1226(a) is moot.'" (first and second alterations in original) (quoting *Boutinkhar v. Dir., U.S. Immigr. & Customs Enf't*, No. 4:25 CV 2802, 2026 WL 1166493, at *1 (N.D. Ohio Apr. 29, 2026))). But Wen's arguments are not foreclosed if she remains detained after August 14, 2026, and thus has not been able to voluntarily depart the United States by that time. *See El Badrawi*, 787 F. Supp. 2d at 232 ("In the absence of any other authority for detention following a grant of voluntar[y] departure, . . . the only intended and legitimate purpose of such detention is 'to ensure the alien's timely departure.'" (quoting 8 C.F.R. § 1240.26(b)(3)(i))).

---

[2] Because 8 U.S.C. § 1229c and 8 C.F.R. § 240.25(b) authorize Wen's detention at this time, the Court need not consider her arguments as to whether the addendum to the voluntary-departure document also authorizes her detention. (*See* D.N. 10, PageID.53–54)

5

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Wen's petition for a writ of habeas corpus (D.N. 1) is **DENIED** without prejudice.

(2)    This matter is **DISMISSED**, **STRICKEN** from the Court's docket, and **CLOSED**.

August 6, 2026

**David J. Hale, Chief Judge**
**United States District Court**

6